René P. Voss (CA Bar No. 255758)
15 Alderney Road
San Anselmo, CA 94960
Phone: (415) 446-9027
Email: renepvoss@gmail.com

Paul D. Ruprecht (OR Bar. No. 132762)
WESTERN WATERSHEDS PROJECT
126 NE Alberta Street, Suite 208
Portland, OR 97211-2665
Phone: (208) 421-4637
Email: paul@westernwatersheds.org
*Pro Hac Vice*

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT,<br><br>Plaintiff,<br><br>v.<br><br>S.M.R. JEWELL, in her official capacity as Secretary of the United States Department of the Interior; DAN ASHE, in his official capacity as Director of the United States Fish and Wildlife Service; and the UNITED STATES FISH AND WILDLIFE SERVICE,<br><br>Defendants. | CASE NO. 2:14-CV-02205-MCE-KJN<br><br>**STIPULATED SETTLEMENT AGREEMENT AND ORDER** |

1    This Stipulated Settlement Agreement ("Agreement") is entered into by and between
2 Plaintiff Western Watersheds Project ("WWP") and Defendants S.M.R. Jewell, in her official
3 capacity as Secretary of the United States Department of the Interior; Dan Ashe, in his official
4 capacity as Director of the United States Fish and Wildlife Service ("Service"); and the United
5 States Fish and Wildlife Service (collectively, "Defendants"), who, by and through their
6 undersigned counsel, state as follows:
7    WHEREAS, in 2003, Mr. John Bosta submitted a petition to the Service requesting that
8 the Service list the Eagle Lake rainbow trout (*Oncorhynchus mykiss aquilarum*) as an
9 Endangered or Threatened Species under the Endangered Species Act ("ESA");
10    WHEREAS, on September 5, 2012, the Service issued a "90-day finding," in which the
11 Service determined that the Eagle Lake rainbow trout may be warranted for listing as an
12 Endangered or Threatened Species. 77 Fed. Reg. 54548;
13    WHEREAS, WWP sent a letter to Defendants on May 13, 2014, stating its intent to file
14 suit to compel the Service to issue a finding pursuant to 16 U.S.C. § 1533(b)(3)(B) ("12-month
15 finding") as to whether the listing of the Eagle Lake rainbow trout is warranted, not warranted, or
16 warranted but precluded;
17    WHEREAS, on September 23, 2014, WWP filed the above-captioned action to compel
18 the Service to issue a 12-month finding pursuant to 16 U.S.C. § 1533(b)(3)(B);
19    WHEREAS, the parties, through their authorized representatives, and without any
20 admission or final adjudication of the issues of fact or law with respect to Plaintiff's claims, have
21 reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the
22 disputes set forth in Plaintiff's complaint;
23    WHEREAS, the parties agree that settlement of this action in this manner is in the public
24 interest and is an appropriate way to resolve the dispute between them;
25    NOW, THEREFORE, the parties hereby stipulate and agree as follows:
26    1.   No later than June 30, 2016, the Service shall submit to the Federal Register for
27 publication a 12-month finding as to whether the listing of the Eagle Lake rainbow trout as a
28

threatened or endangered species is (a) not warranted; (b) warranted; or (c) warranted but precluded by other pending proposals, pursuant to 16 U.S.C. § 1533(b)(3)(B).

    2.    Either party may seek to modify the deadline specified in Paragraph 1 for good cause shown, consistent with the Federal Rules of Civil Procedure. In that event, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the parties shall use the dispute resolution procedures specified in Paragraph 3, below.

    3.    The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim or modification. The parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the parties are unable to resolve the claim themselves, either party may seek relief from the Court. In the event that Defendants fail to meet the deadline in Paragraph 1 and have not sought to modify it, Plaintiff's first remedy shall be a motion to enforce the terms of this Agreement. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

    4.    No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for issuing a 12-month finding under 16 U.S.C. § 1533 in any other proceeding regarding the Service's implementation of the ESA.

    5.    Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement. Defendants do not waive any defenses

they may have concerning the claim under this Agreement or any similar claims brought in the future by any other party. This Agreement is executed for the purpose of settling Plaintiff's Complaint, and nothing herein shall be construed as precedent or having preclusive effect in any other context.

6. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. This Agreement only requires that Federal Defendants take actions by the deadline specified in Paragraph 1. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination. To challenge any determination issued pursuant to Paragraph 1, Plaintiff must file a separate action. Plaintiff reserves the right to challenge substantive decisions made by Defendants pursuant to Paragraph 1 above, and Defendants reserve the right to raise any applicable claims or defenses to such challenges.

7. Defendants agree that Plaintiff is entitled to an award of attorneys' fees in this action and agree to pay Plaintiff's reasonable attorneys' fees and costs pursuant to Section 11(g) of the ESA, 16 U.S.C. § 1540(g). Therefore, Defendants agree to pay Plaintiff $10,850.00 in settlement of the attorneys' fees and costs in this matter. Plaintiff agrees to accept this amount in full satisfaction of any and all claims, demands, rights, and causes of action for attorneys' fees and costs incurred in connection with the above captioned litigation pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), the ESA, 16 U.S.C. § 1540(g), and/or any other statute and/or common law theory, through and including the date of this agreement. Plaintiff agrees that receipt of this payment from Defendants shall operate as a release of Plaintiff's claims for attorneys' fees and costs in this matter, through and including the date of this agreement.

8. Plaintiff agrees to furnish Defendants with the information necessary to effectuate this payment. Defendants agree to submit all necessary paperwork for the processing of the attorneys' fees award to the Department of the Treasury's Judgment Fund Office, pursuant to 16

U.S.C. § 1540(g)(4), within ten (10) days of the receipt of the necessary information from Plaintiff or the approval of this Agreement by the Court, whichever is later. Plaintiff's attorneys agree to send confirmation of the receipt of the payment to counsel for Defendants within 14 days of such payment.

9. Plaintiff reserves the right to seek additional fees and costs incurred subsequent to this Agreement arising in any future litigation or continuation of the present action. Defendants reserve the right to contest fees claimed by Plaintiff or Plaintiff's counsel, including hourly rates and the number of hours billed, in any future litigation or continuation of the present action. Further, this Agreement as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

10. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law. The parties agree that this Agreement was negotiated in good faith and that this Agreement constitutes a settlement of claims that were denied and disputed by the parties. By entering into this Agreement, the parties do not waive any claim or defense except as expressly stated herein. The Agreement contains all of the agreement between the parties, and is intended to be the final and sole agreement between the parties. The parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

11. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

12. The terms of this Agreement shall become effective upon entry of an order by the Court adopting the Agreement.

13. Upon adoption of this Agreement by the Court, all counts of Plaintiff's complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee

compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Respectfully submitted this 12th day of March, 2015.

/s/ *René Voss*
René P. Voss (CA Bar No. 255758)
15 Alderney Road
San Anselmo, CA 94960
Phone: (415) 446-9027
Email: renepvoss@gmail.com

/s/ *Paul D. Ruprecht*
Paul D. Ruprecht (OR Bar. No. 132762)
WESTERN WATERSHEDS PROJECT
126 NE Alberta Street, Suite 208
Portland, OR 97211-2665
Phone: (208) 421-4637
Email: paul@westernwatersheds.org
*Pro Hac Vice*

*Attorneys for Plaintiff*

JOHN C. CRUDEN,
Assistant Attorney General
SETH M. BARSKY, Chief
KRISTEN L. GUSTAFSON,
Assistant Chief

/s/ *Travis J. Annatoyn*
TRAVIS J. ANNATOYN
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-5243 (tel)
(202) 305-0275 (fax)
travis.annatoyn@usdoj.gov

*Attorneys for Federal Defendants*

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>S.M.R. JEWELL, in her official capacity as Secretary of the United States Department of the Interior; DAN ASHE, in his official capacity as Director of the United States Fish and Wildlife Service; and the UNITED STATES FISH AND WILDLIFE SERVICE,<br><br>　　　　　Defendants. | CASE NO. 2:14-CV-02205-MCE-KJN |

**ORDER**

The terms and conditions of the parties' Stipulated Settlement Agreement are hereby adopted as an enforceable ORDER of this Court.

IT IS SO ORDERED.

Dated: March 13, 2015

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT